**NORTHEAST TEXAS STAFFING,**
Appellant,

v.

**Linie RAY, Appellee.**

**No. 06–10–00059–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted: Nov. 18, 2010.

Decided: Nov. 23, 2010.

David Luningham, Lauren M. Lockett, Watson, Caraway, et al, Fort Worth, for Appellant.

John A. Albritton, Albritton & Albritton, Rockwall, for Appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

In this health care liability claim of Linie Ray, the statutorily required expert report addressing the alleged liability of Northeast Texas Staffing to Ray was reportedly mailed by regular mail accompanying a letter dated August 3, 2009. Counsel for Northeast Texas Staffing acknowledged receipt of the letter. The trial court refused to dismiss the claim. We affirm the ruling of the trial court.

The question in this interlocutory appeal is whether, under the particular facts presented, Ray's health care liability claim must have been dismissed. Northeast Texas Staffing claims that, under Section 74.351 of the Texas Civil Practice and Remedies Code, the trial court was required to dismiss Ray's claim.[1] *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2010). We disagree.

We review under an abuse of discretion standard a trial court's ruling on a motion to dismiss for failure to file an expert

---

1. In a previous interlocutory appeal brought by a different defendant, this Court concluded that Ray's claim—for injuries from falling out of a hospital bed or falling while rising from the bed—constituted a health care liability claim. *See Hopkins County Hosp. Dist. v. Ray*, No. 06–08–00129–CV, 2009 WL 454338, 2009 Tex.App. LEXIS 1269 (Tex.App.-Texarkana Feb. 24, 2009, no pet.) (mem. op.); *see also Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658 (Tex.2010) (fall caused by defective hospital bed is health care liability claim).

report. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001). An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *See Moore v. Sutherland*, 107 S.W.3d 786, 789 (Tex.App.-Texarkana 2003, pet. denied). A trial court will be deemed to have acted arbitrarily and unreasonably if it could have only reached one decision, yet reached a different decision. *Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex.App.-Texarkana 2003, no pet.).

 Northeast Texas Staffing's motion to dismiss alleged that the expert report had not been timely served in compliance with Rule 21a of the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 21a. Ray's attorney represented in his response to the motion to dismiss and on the record during the resulting hearing that the expert report had been mailed by regular mail to Northeast Texas Staffing's attorney as an attachment to an August 3, 2009, letter and that Northeast Texas Staffing's attorney expressly acknowledged receipt of the August 3 letter in a subsequent letter.[2] At the hearing, Ray's attorney testified[3] as follows:

Your Honor, I believe—I believe the spirit of the rule is that the Defendant have notice of the expert reports in the medical authorization. We sent the medical reports and medical authorization. We sent them. This is attached to our response August 3rd, 2009 in my letter.

And in my letter I ask him do you represent a lady by the name Kitty Stryker. I also tell him that here I am—we're enclosing the copies of the initial medical authorization we transmitted to the other party and the expert reports.

We did not send that certified mail. We sent it through the United States mail, and we sent a copy with enclosures to the clerk, and we sent a copy to Mr. Cawthorn. I received a letter back from this gentleman—by the way, we have done discovery on the case. I received a letter dated June 26, 2009. However, that was a mistake. It was faxed to me on August 7—on August 6, 2007 or August 7, 2009, excuse me. And the letter says, in response to your August 3rd,

2. The August 3, 2009, letter states, "we are enclosing a copy of . . . Expert Reports" and notes that the letter has "enclosures." Ray's response to the motion to dismiss also attached a letter from Northeast Texas Staffing's attorney stating, "In response to your August 3, 2009 letter . . ." Neither of these letters were accompanied by a self-proving affidavit, such as a business records affidavit, or offered as evidence at the hearing. It is not necessary for us to decide whether these letters constitute admissible evidence. The evidence presented by Ray's attorney at the hearing is not contradicted.

3. We note the testimony of Ray's attorney was not under oath, but was made in open court, on the record, and without objection. The general rule is that an attorney's statements must be under oath to constitute evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). However, such error is waived by failure to object when the opponent knew or should have known an objection was required. *Id.; Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 338 (Tex.App.-Texarkana 2004, pet. denied); *Sutherland*, 107 S.W.3d at 793; *Knie v. Piskun*, 23 S.W.3d 455, 463 (Tex.App.-Amarillo 2000, pet. denied). Similar to *Banda, Knie, Russ,* and *Sutherland*, the evidentiary nature of the statements was obvious. Ray's attorney was clearly attempting to prove the expert report had been served. If Northeast Texas Staffing had an objection to the statements not being under oath, it was on notice that an objection was required. We conclude the failure of defense counsel to object waived the requirement that the statement be made under oath. The statements made by Ray's attorney in open court on the record do qualify as evidence.

2009 letter, please be advised I do represent Kitty Stryker in connection with the above matter. Thank you. Contact me if you have any questions.

Well, I think there's no question he received the letter of August 3rd by virtue of his letter of August 7 when he says he received the letter. If he received the letter he should have received the expert reports. Expert reports and medical authorization are to put them on notice of what we had. They were on notice. There's no question they received them.

If he didn't receive them because they weren't submitted with my letter, then it wouldn't have shown—says, cc is by certified mail, courier, or anything else. It would have just been a cover letter with attachments. It doesn't say what's in the attachments. We feel like that we're gagging at a gnat and swallowing the camel.

Northeast Texas Staffing did not introduce any evidence contradicting the testimony of Ray's attorney. The trial court took the motion under advisement and later sent a letter to the parties denying Northeast Texas Staffing's motion to dismiss.

After the hearing, the trial court denied the motion to dismiss. Northeast Texas Staffing's sole issue on appeal is that the trial court abused its discretion by denying its motion to dismiss because Ray did not use any of the methods of service authorized by Rule 21a of the Texas Rules of Civil Procedure.

■ "Under Section 74.351 of the Texas Civil Practice and Remedies Code, 'service' of expert reports and CVs means the same thing as 'service' under Rule 21a of the Texas Rules of Civil Procedure." *Goforth v. Bradshaw*, 296 S.W.3d 849, 853 (Tex.App.-Texarkana 2009, no pet.). Rules 21 and 21a of the Texas Rules of Civil Procedure provide for notice that is less formal than service of citation. *Tex. Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 813 (Tex.2002); *Spiegel v. Strother*, 262 S.W.3d 481, 483 (Tex. App.-Beaumont 2008, no pet.). In rejecting the argument that strict compliance with the methods of service provided in Rule 21a is required by the statute in all cases, the Beaumont Court of Appeals held: "When attempted service pursuant to Rule 21a achieves actual timely delivery to the proper party in a manner that accomplishes the objective of the rule, and no harm is shown, courts have found adequate service." *Spiegel*, 262 S.W.3d at 484. This Court agreed in *Goforth*. *Goforth*, 296 S.W.3d at 853. The issue in this appeal is whether the rule announced in *Goforth*—that adequate service can occur when a method not in compliance with Rule 21a results in actual timely delivery and there is no harm shown—applies only when a defendant acknowledges receipt of the expert report.

■ Northeast Texas Staffing argues that *Goforth* is distinguishable from this case because the defendant in *Goforth* acknowledged receipt of the report, itself. Northeast Texas Staffing would have us limit *Goforth* to situations in which the defendant acknowledges receipt of the report before the statutory deadline. But, there is no discernible difference between a party's acknowledgment of receipt of a document and proof of receipt in some other fashion—here, acknowledgment of receipt of a letter purportedly transmitting the report in question. The purpose of service is to provide "the defendant timely notice of the conduct called into question in the medical negligence suit." *Spiegel*, 262 S.W.3d at 485. When the primary purpose of Rule 21a—actual notice—has been accomplished and no harm has been shown, Texas courts have refused to find error. *See Goforth*, 296 S.W.3d at 853; *Spiegel*,

262 S.W.3d at 485; *Butler v. Taylor*, 981 S.W.2d 742, 743 (Tex.App.-Houston [1st Dist.] 1998, no pet.) ("We believe that appellant has fulfilled the primary purpose of the statute."); *Netherland v. Wittner*, 662 S.W.2d 786, 787 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.) ("We believe appellee fulfilled the primary purpose of Rule 21a, and thus, has adequately complied with it."); *Hill v. W.E. Brittain, Inc.*, 405 S.W.2d 803, 807 (Tex.Civ.App.-Fort Worth 1966, no writ) ("The purpose of the rules relating to service and notice is to make reasonably certain that all parties to a suit are notified as to the date and time the court has set their matter down for hearing and determination.").

 Northeast Texas Staffing also argues a certificate of service is required. While a certificate of service in compliance with Rule 21a of the Texas Rules of Civil Procedure would create a presumption of service,[4] the effect of the absence of a certificate is that service is not presumed. *See Goforth*, 296 S.W.3d at 854. The absence of a certificate does not prevent a party from establishing that service was conducted. *Id.*

 Northeast Texas Staffing further argues that there was no evidence that the reports were included with the letter. "The judge has the power and the duty to weigh the evidence, draw inferences and make reasonable deductions from the evidence...." *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 306 (Tex.1988). The trial court's conclusion that Northeast Texas Staffing received the expert report was a reasonable deduction from the direct evidence that the expert report had been placed in the mail as an attachment to a letter and Northeast Texas Staffing's acknowledgment that it had received the letter.

 Northeast Texas Staffing finally argues that Ray's counsel "further recognized the possibility that in fact, he had failed to enclose the reports in the letter." To the extent the testimony of Ray's attorney could be interpreted as recognizing this possibility,[5] it was within the trial court's discretion to resolve the internal contradictions of the testimony as with any witness. A trial court is permitted to "believe or disbelieve all or part of" a witness' testimony. *Id.*

While the evidence here does not conclusively establish that the expert report was received, the trial court did not abuse its discretion in finding actual, timely service of the report. The testimony of Ray's attorney provides some evidence of actual delivery, and it is not contradicted. There is sufficient evidence to support a finding of actual receipt of the expert report and of no harm from the failure to serve notice by registered or certified mail. The trial court did not abuse its discretion in denying the motion to dismiss.

 For the reasons stated, we affirm.[6]

---

4. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex.2005).

5. Ray's attorney testified: "If he didn't receive them because they weren't submitted with my letter, then it wouldn't have shown—says, cc is by certified mail, courier, or anything else. It would have just been a cover letter with attachments. It doesn't say what's in the attachments." While this statement could be interpreted to suggest the possibility exists, such an interpretation would be inconsistent with the earlier testimony that the expert report was attached to the letter. Further, this statement could be interpreted differently.

6. Northeast Texas Staffing requests

should the Court determine that Plaintiff has complied with Section 74.351(a)'s service requirement and timely served the expert reports on Defendant Northeast Texas Staffing, Defendant Northeast Texas Staffing respectfully requests that the Court grant Defendant a reasonable opportunity to file objections to the sufficiency of the reports as contemplated by the statute. Northeast Texas Staffing did not object to the sufficiency of the report in the trial court. Any error has not been preserved for appeal. Tex.R.App. P. 33.1. Further, the sufficiency of the expert report has not been briefed by Northeast Texas Staffing in this appeal. Last, Northeast Texas Staffing should not be permitted to file an amended brief at this late date—after the issuance of our opinion. The service date establishes a twenty—one day time period for the defendant to object to the sufficiency of the report. See Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a); Spiegel, 262 S.W.3d at 485. Northeast Texas Staffing made the tactical decision to not contest the sufficiency of the report and must accept the consequences that follow from that tactical decision. It is not our role to rescue Northeast Texas Staffing merely because their original strategic approach has proven unsuccessful. We deny Northeast Texas Staffing's request to be allowed, at this late date and in this appeal, to file objections to the sufficiency of the expert report.