

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00045-CV

_____


IN THE INTEREST OF D.W.C., A CHILD


On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 10-C-1122-202


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Gloria Darr and her former husband, David Wayne Crow, are the parents of a minor child, D.W.C. Darr, dissatisfied with an order modifying Crow's possessory rights to the child to conform to the standard possessory order, has appealed the order of modification. Crow has filed no brief in this appeal. Darr's sole issue maintains that the trial court erred when it struck the testimony of her expert witness. Because the trial court did not abuse its discretion in excluding the subject testimony, we affirm the trial court's judgment.

## I. Background

Darr and Crow divorced in 2007, when D.W.C. was an infant. Crow was evidently permitted only limited visitation rights until D.W.C. attained the age of two years, after which his custodial rights were to increase to conform to the Standard Possession Order. However, after the child turned two years old, Darr refused to permit Crow to have possession of the child in accord with the Standard Possession Order, prompting Crow to file a motion which sought to enforce his visitation rights and which requested a finding that Darr was in contempt for her refusal to comply with the visitation order.[1] In response, Darr filed a petition whereby she sought to modify the existing order for custody, seeking (among other things) a review of the previous order relating to visitation, and further seeking to limit Crow's visitation with the child to only supervised, daytime visitation.

---

[1] Crow filed this motion pro se. Crow has continued to represent himself throughout these proceedings.

In connection with these filings, the trial court entered temporary orders which granted Crow daytime, supervised visitation on alternating Saturdays. Additionally, Barbara Gore[2] was appointed to conduct a home study to examine Crow's situation, this study to be completed by September 15, 2012.[3] The study was conducted for the purpose of assisting the trial court in determining the extent of Crow's visitation rights.

Darr apparently believed Gore's home study to be flawed, prompting her to engage a licensed clinical social worker, Kim Baggett, as her expert. Baggett prepared a somewhat countervailing report to that of Gore which she entitled "Social Study Counter Report." Although the trial court expressed some misgivings about permitting Baggett to testify, she was initially permitted to do so. On direct examination, Baggett testified that she could not make a recommendation regarding visitation because she did not evaluate Crow's situation, explaining, "On a social study, I would never make a recommendation unless both parties' evidence was present." Baggett stated that she "just presented the evidence that [the Darrs] provided to [her] in a report." The trial court, upon hearing that Baggett was not in a position to render an expert opinion, determined that Baggett's testimony would not assist it (i.e., the fact-finder) and terminated the examination.[4] Darr clarified that Baggett intended to testify only as pertained to the last paragraph of the report captioned "Requests." This paragraph provides,

---

[2]Gore is a licensed clinical social worker.

[3]Because Darr would not permit Crow visitation with D.W.C. in Crow's home, Gore was unable to conduct the home study. Consequently, Gore requested the assistance of the trial court in gaining Darr's cooperation. Due to this delay, the home study was not completed until November 2012.

[4]The trial court expressed its ruling in terms of striking Baggett's testimony.

The Darr's [sic] are requesting for Mr. Crow to begin with Therapeutic Supervised Visitation with [D.W.C.] at Mr. Crow's expense. The therapist could help facilitate a relationship between the two and also provide parenting skills assistance. When the therapist deems safe then they would request that visits be supervised at Family Matters . . . . Again, it is requested that this be at Mr. Crow's expense. Prior to having unsupervised visitations again, they would request that a social worker perform an updated evaluation involving all the parties with access to the child.

The trial court found that these requests were, in actuality, recommendations and not a report of conditions. Because Baggett testified that under Texas law, she was not permitted to make recommendations in this case, the trial court determined that Baggett's testimony would not benefit the fact-finder.[5] Darr complains that Baggett should have been permitted to testify.

## II.     Standard of Review

We review the admission of expert witness testimony for an abuse of discretion. *Lopez-Juarez v. Kelly*, 348 S.W.3d 10, 20 (Tex. App.—Texarkana 2011, pet. denied). "A court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles." *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008). A trial court will be deemed to have acted arbitrarily and unreasonably if it could have only reached one decision, yet reached a different decision. *Ne. Tex. Staffing v. Ray*, 330 S.W.3d 1, 3 (Tex. App.—Texarkana 2010, no pet.).

## III.     Analysis

Rule 702 of the Texas Rules of Evidence permits an expert to testify on scientific, technical, or other specialized subjects if the testimony would assist the fact-finder in

---

[5]The trial court further indicated that Darr and/or her husband could testify to any discrepancies they believed to exist in Gore's report. After the final hearing, the trial court entered an order granting Crow possession of D.W.C. in accordance with the Standard Possession Order.

4

understanding the evidence or determining a fact issue. *See* TEX. R. EVID. 702; *Coastal Tankships*, *U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 597–98 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (en banc). That same Rule of Evidence further requires the proponent of expert testimony to show that the expert is qualified, that the expert's testimony is relevant to the issues in the case, and that the expert's testimony is reliable. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 556 (Tex. 1995); *Manasco v. Ins. Co. of State of Pa.*, 89 S.W.3d 239, 241 (Tex. App.—Texarkana 2002, no pet.).

Here, there was no dispute as to Baggett's qualifications; no one questioned that she possessed the necessary credentials to qualify as an expert. Instead, the trial court's ruling excluding Baggett's testimony was based on its determination that her testimony would not assist the fact-finder in understanding the evidence or in determining a fact issue. The issues before the trial court were whether Crow should be permitted standard visitation with his child, or whether his custodial rights should be restricted in some manner. The trial court determined that because Baggett could not provide the court with an expert recommendation on these issues, any testimony she might offer would not be of assistance to the court.[6]

Darr contends that the trial court abused its discretion in disallowing Baggett's testimony because she maintains that it was necessary for her to hire her own expert to contrast the written opinions and recommendations of the court-appointed social worker. Darr claimed that Gore only appeared to obtain Crow's side of the story and not her own.[7] Baggett's testimony, claims

---

[6]Because this case was tried to the court, the court acted as the finder of fact.

[7]As the trial court explained, Gore was a court-ordered expert whose task it was to provide a home study on Crow. The trial court acknowledged that Gore offered Darr the opportunity to participate, but Darr refused to do so. This

5

Darr, would have assisted the trial court because she would have rendered "expert conclusory opinions" based on specialized knowledge and skill. Darr further contends that because Baggett's testimony was excluded, she was prohibited from bringing necessary information to the trial court's attention that could not have been provided through any other witness.

To the extent that Baggett's report is reflective of her proposed testimony, we agree with the trial court's conclusion that such testimony would not have assisted the finder of fact. Baggett's report consists of a section captioned "Allegations Made by David Crow in His Social Study," a second section captioned "Concerns," and a final section captioned "Requests." The allegations section sets forth certain of Crow's statements as reflected in Gore's report, together with what appears to be a response or rebuttal stating why Baggett believes each such statement to be incorrect or misleading. Each of these rebuttal statements is based directly on information given to Baggett by Darr. In fact, Darr testified to some of this contradictory information and could have testified to each item of it had she chosen to do so. Because this is nothing more than a reiteration of what Darr told to Baggett, there is nothing in this section of the report which suggests the need for specialized knowledge or skill in order to interpret or explain that information. The same is true of the "Concerns" section of the report, which enumerates various reasons or concerns, basically explaining why Darr believes that Crow's visitation periods with the child should be curtailed and supervised. As with the preceding section of the report, this section contains information obtained directly from either Darr, Darr's husband, or both of them. Both Darr and her husband testified at the hearing, and the majority of the information contained

refusal is documented in a letter by Gore to the trial court indicating, "Mr. and Mrs. Darr refuse to participate in the social study or answer any questions in regard to the social study."

in Baggett's "Concerns" section is reflected in their testimony. Finally, the "Requests" section of the report, as quoted above, was interpreted by the trial court as recommendations, rather than requests. Baggett testified she could not make recommendations in this case because she did not visit with Crow.[8]

To the extent that Baggett could have presented or intended to present testimony which was not reflected in her report, any error relating to the exclusion of that testimony was not preserved for appeal. In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule 103 of the Texas Rules of Evidence by making an "offer of proof" which sets forth the substance of the proffered evidence. TEX. R. EVID. 103(a)(2). Darr made no such proffer and, thus, cannot now complain of excluded testimony not reflected in Baggett's report.

---

[8]To the extent this section of the report consists merely of requests, however, those requests could have been presented directly to the trial court by counsel.

## IV.     Conclusion

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     April 22, 2014
Date Decided:       May 15, 2014