**Affirmed in Part; Reversed and Remanded in Part; and Memorandum Opinion filed August 14, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00057-CR
NO. 14-13-00058-CR
NO. 14-13-00059-CR
NO. 14-13-00060-CR

**PATRICK MONROE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court
Montgomery County, Texas
Trial Court Cause No. 12-05-05599-CR**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of three counts of indecency with a child by sexual contact and one count of aggravated sexual assault of a child. On the count of aggravated sexual assault, the jury sentenced appellant to confinement for eleven years in the Institutional Division of the Texas Department of Criminal

Justice. For each count of indecency with a child, the jury sentenced appellant to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice, suspended the sentence and placed appellant under community supervision for five years. The trial court granted the State's motion to stack and ordered the sentences to run consecutively. In each case, appellant filed a notice of appeal.

Appellant raises three issues on appeal: (1) the trial court erred when it cumulated the sentences and ordered them to run consecutively; (2) the evidence is insufficient to support the jury's verdicts; and (3) the trial court erred when it denied appellant's motion for mistrial. We reverse and remand only the portion of the judgments imposing consecutive suspended sentences; in all other respects, we affirm the trial court's judgments.

## BACKGROUND

Appellant married Andrea Barry in 1996.[1] Andrea had six children, including two sons. The oldest son had three daughters, Dorian Barry, Erin Barry, and Gabrielle Barry, and one son. Another of Andrea's sons had two daughters, Arlene Barry and Cindy Barry, and two sons. Andrea's grandchildren and their parents visited her and appellant at their home every Sunday after church and on many other occasions.

Prior to 2010, three outcries were made. When she was about five, Gabrielle made an outcry that appellant had put his hand down the front of her panties. Andrea, Gabrielle and her parents met with appellant and he claimed Gabrielle put his hand in her pants. The family enacted "rules" for appellant. Subsequently, Cindy told her parents that appellant licked her leg. The grandchildren were

---

[1] On appeal, we have assigned pseudonyms to protect the victims' identities.

questioned and no one else came forward. Around 2002 or 2003, Arlene's brother told their father that appellant had his hand down the back of Arlene's pants, rubbing her bottom. Arlene denied the incident to her father.

Appellant and Andrea divorced in 2008. In 2010, Arlene made an outcry to her father that appellant had molested her. Arlene stated the incident that she had denied earlier had occurred and told her father of other instances of abuse. The family met and questioned the girls about any inappropriate touching by appellant. Arlene, Cindy and Gabrielle claimed that sexual abuse by appellant had occurred and all three went to Children's Safe Harbor and gave interviews. Approximately a year later, Erin came forward and claimed appellant had sexually abused her.

Appellant was charged with three counts of indecency with a child by sexual contact and three counts of aggravated sexual assault of a child. The jury found appellant guilty on all three counts of indecency with a child by sexual contact. The children were Gabrielle, Erin and Arlene. As to the three counts of aggravated sexual assault of a child, the jury found appellant guilty of one count, as to Erin, and not guilty on the other two counts.

The jury sentenced appellant to prison for five years on each count of indecency with a child, suspended, and eleven years on the count of aggravated sexual assault. The trial court stacked the five-year suspended sentences onto the eleven-year prison sentence. This appeal followed.

## CONSECUTIVE SENTENCING

At trial, defense counsel objected to the stacking order on the grounds article 42.08 of the Texas Code of Criminal Procedure limits stacking suspended sentences to ten years. Tex. Code Crim. Proc. § 42.08. Subsection (a) allows the trial court to order sentences to run consecutively, "provided, however, that the

cumulative total of suspended sentences in felony cases shall not exceed 10 years." Tex. Crim. Proc. Code Ann. art. 42.08(a). Thus article 42.08(a) does not permit the total years of cumulated community supervision to exceed 10 years.

In this case, the trial court stacked three five-year suspended sentences, for a cumulative total of 15 years. The State agrees that because the cumulative total of the stacked suspended sentences exceeds 10 years, the trial court's order violates article 42.08(a). *See Medina v. State*, 7 S.W.3d 876, 879-80 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Accordingly, we sustain appellant's first issue and reverse only that portion of the trial court's judgments ordering the five-year suspended sentences to be served consecutively and remand for rendition of judgment in compliance with article 42.08 of the Code of Criminal Procedure. *See Sullivan v. State*, 387 S.W.3d 649, 653 (Tex. Crim. App. 2013); and *Ewing v. State*, 157 S.W.3d 863, 870 (Tex. App.—Fort Worth 2005, no pet.).

## SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant contends the evidence is factually insufficient to support his conviction. Since the Court of Criminal Appeals' decision in *Brooks v. State*, 323 S.W .3d 893, 894–95, 912–13 (Tex. Crim. App. 2010) (4–1–4 decision), the legal-sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), is the only standard that we apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *See Griego v. State*, 337 S.W.3d 902, 903 (Tex. Crim. App. 2011); *Brooks*, 323 S.W .3d at 894–95, 912–13. Because appellant cites *Jackson*, we will construe his issue as a challenge to the legal sufficiency of the evidence.

4

The jury found appellant guilty as follows:

Indecency with a Child by Sexual Contact, that appellant "did then and there with intent to arouse and gratify the sexual desire of the defendant, engage in sexual contact by touching the genitals of [Gabrielle], a child younger than 17 years of age and not the spouse of the defendant . . ."

Aggravated Sexual Assault of a Child, that appellant "did then and there intentionally or knowingly cause the penetration of the sexual organ of [Erin], a child who was then and there younger than 14 years of age, by inserting his finger . . ."

Indecency with a Child by Sexual Contact, that appellant "did then and there with intent to arouse and gratify the sexual desire of the defendant, engage in sexual contact by touching the genitals of [Erin], a child younger than 17 years of age and not the spouse of the defendant . . ."

Indecency with a Child by Sexual Contact, that appellant "did then and there with intent to arouse and gratify the sexual desire of the defendant, engage in sexual contact by touching the genitals of [Arlene], a child younger than 17 years of age and not the spouse of the defendant . . ."

When determining whether evidence is legally sufficient to support the verdict, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. at 318–19). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d

633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). A victim's uncorroborated testimony may support a conviction for sexual assault if, at the time of the alleged offense, the victim was 17 years of age or younger. *See* Tex. Code of Crim. Proc. art. 38.07(a), (b)(1).

At the time of the offenses, Gabrielle, Erin, and Arlene were all younger than 17. Therefore no corroboration was required, including physical evidence.

Gabrielle testified that appellant touched her vagina under her clothes and would put the end of his finger and rub her vagina when she sat in his lap to watch television. Erin testified that appellant penetrated her vagina with his finger. She also testified that appellant put his hand down her pants and touched the inside and outside of her vagina. Arlene testified that appellant touched her vagina on the outside of her clothes. Appellant makes no claim that he lacked intent to arouse or gratify his sexual desire when he committed the three counts of indecency with a child by sexual contact. *See Cunningham v. State*, 726 S.W.2d 151, 154 (Tex. Crim. App. 1987); and *McKenzie v. State*, 617 S.W.2d 211, 215 n. 15 (Tex. Crim. App. 1981) (an accused's intent may be inferred from evidence of the surrounding circumstances, including his conduct). Appellant's complaint is that there are inconsistencies in the complainant's "evolving stories." The fact that Arlene initially denied any abuse and Erin did not make an outcry until a year after Arlene, Cindy, and Gabrielle made their claims does not render the evidence

6

legally insufficient. The evidence was before the jury and it was their responsibility to determine the weight and credibility of the testimony.

We conclude that from the evidence a rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. Accordingly, the evidence is legally sufficient to support appellant's conviction in each case. Appellant's second issue is overruled.

## DENIAL OF MISTRIAL

Appellant's final issue argues the trial court erred when it failed to grant a mistrial during the testimony of Gabrielle. Appellant notes an instruction to disregard was requested and then complains the trial court failed to admonish Gabrielle. We will construe this complaint to refer to the failure to give an instruction to disregard since no request to admonish Gabrielle was made.

The record reflects the following exchange occurred when the State was questioning Gabrielle:

Q:     [Gabrielle], are you making this stuff up today?

A:     No, ma'am.

Q:     And are you just here to tell the jury about what happened to you?

A:     I am here because I want — he can't do stuff like that and just not — just be able to go and live. I mean, I am sure there has got to be other girls he did it to that didn't come forward and —

[Defense Counsel]: We would object to narrative and ask the jury to disregard the last statement.

THE COURT: Overruled as to narrative objection.

You may answer.

. . .

[Defense Counsel]: We would object to her statement of what he must have done to other girls. We feel like that certainly violates our motion in limine regarding any possible extraneous offenses.

THE COURT: I sustain the objection as to that.

[Defense Counsel]: And we would ask that the jury disregard that statement and move for a mistrial.

THE COURT: That will be overruled.

. . .

THE COURT: Hold on. Just so you know, I don't think -- it doesn't seem like the State is trying to elicit that statement.

[Defense Counsel]: I understand that.

THE COURT: . . . So I will sustain your objection, but I won't grant a mistrial.

The general rule is that a complaining party must first object, and if the objection is sustained, must then ask for an instruction to disregard. If the instruction is given, counsel must then move for a mistrial. *Barletta v. State*, 994 S.W.2d 708, 714 (Tex. App.—Texarkana 1999, pet. ref'd) (citing *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); and *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984). If appellant does not pursue the objection to an adverse ruling, error is not preserved for appellate review. *Ferree v. State*, 416 S.W.3d 2, 7 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing Tex. R. App. P. 33.1 and *Cienfuegos v. State*, 113 S.W.3d 481, 488–89 (Tex.App.—Houston [1st Dist.] 2003, no pet.) (concluding that trial court's ambiguous response of "I understand," did not constitute an adverse ruling)). *See also Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991).

The trial court granted appellant's objection to Gabrielle's testimony and denied appellant's motion for a mistrial. However, the record does not reflect the trial court ruled on the request for an instruction to disregard. Accordingly, any

error in failing to instruct the jury to disregard Gabrielle's statement is not preserved for our review. *See* Tex. R. App. P. 33.1.

We review the denial of a motion for mistrial for abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Hudson v. State*, 179 S.W.3d 731, 738 (Tex.App—Houston [14th Dist.] 2005, no pet.). A mistrial is warranted for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile' and where the prejudice is incurable." *Hawkins,* 135 S.W.3d at 77 (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). *See also Hudson*, 179 S.W.3d at 738 ("A mistrial is an extreme remedy for prejudicial events that occur at trial and should be exceedingly uncommon."). As a factor in determining whether the trial court erred in denying a motion for a mistrial, we also consider whether the prosecutor solicited the improper testimony. *Id.* (citing *Drake v. State*, 123 S.W.3d 596, 604 (Tex.App.—Houston [14th Dist.] 2003, pet. ref'd)).

This breach of the motion in limine was by the witness giving an unresponsive answer to the prosecutor's question. The record does not reflect Gabrielle's single statement that she believed there were other victims prejudiced appellant. The jury heard evidence that Cindy also made an outcry in 2010 and was interviewed by Children's Safe Harbor and found appellant not guilty of aggravated sexual assault of Gabrielle and a second count of aggravated sexual assault of Erin. Given the nature of the breach and the fact the evidence was not solicited by the State, the trial court did not abuse its discretion in denying appellant's motion for a mistrial. *Ladd*, 3 S.W.3d at 567. Appellant's final issue is overruled.

We reverse and remand only the portion of the judgments imposing consecutive suspended sentences; in all other respects, we affirm the trial court's judgments.

/s/     Sharon McCally
        Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).