

# NUMBER 13-20-00256-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ISRAEL SALINAS,                                                          Appellant,

v.

CHARLIE RAY JAMES INVESTMENTS, LLC,                    Appellee.

### On appeal from the 206th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

This is an appeal from an order granting a motion for summary judgment. By three issues, which we organize as two, appellant Israel Salinas argues: (1) he was a necessary party who was not properly joined before the case was substantially resolved; and (2) appellee Charlie Ray James Investments, LLC violated Texas Rule of Civil Procedure

21 regarding notice of filings. We affirm.

## I. BACKGROUND

**A.    The Sale of the Property**

On August 11, 2017, Salinas obtained a default judgment in the amount of $19,000, plus $7,600 in attorney's fees, against Dalia Ramirez in Cause No. C-1917-17-D in the 206th Judicial District Court of Hidalgo County. Salinas then filed multiple applications for writ of execution[1] to satisfy this judgment. These applications specifically identified a property located at 6100 S. 42nd Street, McAllen, Texas 78503 (the Property) as Ramirez's and sought execution on the same.

The county ultimately issued a writ of execution on the Property on February 1, 2019. On April 2, 2019, Charlie Ray James Investments purchased the Property for $70,000 at a county sheriff's sale. In exchange for payment, Charlie Ray James Investments received a deed to the Property. Approximately $29,000 of the $70,000 went to Salinas to satisfy Ramirez's judgment, and the remainder of the funds ($41,334.70) was placed into the court's registry.

**B.    The Underlying Litigation**

On May 6, 2019, DUR Properties, LLC (DUR) filed an application for temporary restraining order and permanent injunction in Cause No. C-2001-19-D against Charlie Ray James Investments, contending that the execution sale of the Property should be set aside. In its application, DUR set forth that it was the legal owner of the Property—not Ramirez, who was only a member of the limited liability company. DUR also filed a cause

---

[1] Salinas filed applications for writs of execution on September 22, 2017, February 28, 2018, May 1, 2018, June 8, 2018, June 14, 2018, October 30, 2018, and February 1, 2019.

of action to set aside the wrongful and illegally executed sale of the Property.

In response, Charlie Ray James Investments answered with a general denial. On June 20, 2019, Charlie Ray James Investments filed an amended answer, an application to set aside the sale, and an original third-party petition to obtain its purchase money back from both Salinas ($29,000) and the court's registry ($41,334.70). The third-party petition brought Salinas into the lawsuit as a party and alleged causes of action for money had-and-received, unjust enrichment, and declaratory judgment. On June 21, 2019, the trial court entered an agreed order setting aside the void sale. The court order re-invested DUR with all rights and title to the Property and instructed the county clerk to return $41,334.70, along with any interest accrued, from the court's registry to Charlie Ray James Investments through its attorneys.

On July 17, 2019, DUR filed a motion to sever, asking the court to sever DUR's causes of action from the pending lawsuit so that it could have a final judgment. Salinas answered the third-party petition on July 24, 2019. The trial court granted DUR's motion to sever on September 11, 2019 "in order to facilitate the rendition of an agreed final judgment." The trial court then assigned a new cause of action—Cause No. C-2001-19-D-1—for DUR's claims. Charlie Ray James Investments' claims against Salinas remained in the original cause number.

On December 4, 2019, Charlie Ray James Investments filed a motion for summary judgment against Salinas, seeking the return of its $29,000. In its motion, Charlie Ray James Investments asserted that no genuine issue of material fact existed regarding its three causes of action against Salinas: money had-and-received, unjust enrichment, and

3

declaratory judgment. Charlie Ray James Investments also asserted that Salinas filed numerous writs of execution wrongfully claiming that the Property was Ramirez's when in fact it was owned by DUR. Further, in its summary judgment evidence, Charlie Ray James Investments showed proof of its payment to Ramirez for $29,000. Salinas failed to respond to the summary judgment motion by its submission date of March 4, 2020. On March 24, 2020, Salinas filed a "motion requesting more time to answer counter[-]plaintiff's motion." The trial court denied Salinas's request and granted Charlie Ray James Investments' motion on March 25, 2020.

On April 9, 2020, Salinas filed a motion for new trial. In his motion, Salinas argued that he should have been a party to the lawsuit before the trial court signed the agreed order to set aside the sale of the property. Further, he argued that he was not on the certificate of service on the motion to sever filed on July 17, 2019. He claims that he would have contested this motion and could have pursued a claim for piercing the corporate veil against DUR, as he believed Ramirez inappropriately used the entity to shield her personal assets.

In response, Charlie Ray James Investments filed a brief arguing that Salinas's motion for new trial did not meet pleading requirements. Further, it argued that Salinas appeared to challenge the trial court's order granting the severance of DUR's claim against Charlie Ray James Investments, which was ordered in August of 2019. Charlie Ray James Investments argued that Salinas had notice of this motion and included exhibits with its response such as: (1) a copy of the officer's return dated June 21, 2019, demonstrating Salinas received notice of the third-party petition; (2) the electronic

4

notification that Salinas received the agreed order setting aside the void sale nunc pro tunc signed on June 28, 2019; (3) the electronic notification of the order setting the hearing on the motion to sever from the court to all parties of record, including Salinas; and (4) the September 11, 2019 agreed order granting the motion to sever, which was also served on Salinas electronically. Charlie Ray James Investments asserted that Salinas had notice of the hearing on the motion to sever but did not file an objection to the motion or appear at the hearing, and thus waived this issue because it was not timely raised.

The trial court denied the motion for new trial on May 7, 2020. Salinas appeals.

## II. NECESSARY PARTY

By his first issue, Salinas argues that the trial court erred in granting summary judgment[2] because he was "a necessary party who was not properly joined before the case was substantially resolved, or severed." Salinas contends that he could have urged a corporate veil piercing argument against DUR and Ramirez had they been left in the lawsuit.

### A.    Standard of Review & Applicable Law

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort*

---

[2] Salinas's notice of appeal sets forth that he is appealing the granting of the motion for summary judgment, not the denial of his motion for new trial.

*Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We also consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

When a movant meets its summary judgment burden, "the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement . . . and he must present summary judgment proof when necessary to establish a fact issue." *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

## B.  Analysis

Although this appeal arises from the granting of a motion for summary judgment, Salinas's briefing appears to challenge the trial court's order voiding the sale of the Property and granting the severance of DUR's claim against Charlie Ray James Investments. As a threshold matter, Salinas's objections regarding the voided sale and to the severance order were not preserved for our review. *See* TEX. R. APP. P. 33.1. "As a general rule, an appellant must first complain to the trial court by a timely request,

objection, or motion and obtain a ruling as a prerequisite for appellate review of that complaint . . . ." *Off. of Atty. Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012) (per curiam); *see* TEX. R. APP. P. 33.1.

Here, Salinas was brought into the original lawsuit on June 20, 2019 and answered on July 24, 2019. The trial court ordered severance of DUR's claims on September 11, 2019. The record shows that Salinas received electronic notification of the motion to sever and hearing, but did not respond to the motion, attend the hearing on the motion, or lodge a timely motion for reconsideration on the severance decision. His complaints about the trial court's severance order, and any arguments he could have made opposing it,[3] are therefore waived. *See* TEX. R. APP. P. 33.1.

Instead, before us is the trial court's granting of Charlie Ray James Investment's motion for summary judgment. Based on a review of the record, Charlie Ray James Investments as the movant met its burden of proof on its motion. *See City of Houston*, 589 S.W.2d at 678. Thus, the burden then shifted to Salinas to defeat summary judgment. *See id*. This did not occur. Although we must consider all evidence in the light most favorable to Salinas as the nonmovant, he presented none to refute Charlie Ray James Investment's claims or evidence showing why Salinas should return its $29,000 for the voided sale on the Property. *See Mann Frankfort*, 289 S.W.3d at 848. And concerning any claims that Salinas has evidence to defeat the motion, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be

---

[3] By his third issue, Salinas claimed he had a meritorious defense of a "reverse veil piercing" claim against DUR for the debts of Ramirez. However, because he did not timely present this issue to the court, it has been waived. *See* TEX. R. CIV. P. 33.1.

considered on appeal as grounds for reversal." *See* TEX. R. CIV. P. 166a(c).

Reviewing the trial court's ruling de novo, we conclude there was no error when the trial court granted Charlie Ray James Investment's motion for summary judgment. *Tarr*, 556 S.W.3d at 278. We overrule this issue.

### III. TEXAS RULE OF CIVIL PROCEDURE 21

By his second issue, Salinas asserts Charlie Ray James Investments violated Texas Rule of Civil Procedure 21 when it failed to include him on a certificate of service and give him proper notice of filings in the case.

### A.   Applicable Law

Rule 21 sets forth the rule regarding proper service in Texas lawsuits. *See* TEX. R. CIV. P. 21. The rule, in relevant part, provides that:

> Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket . . . .

*Id.* at R. 21(a). The rule also sets forth that where multiple parties are involved, each party's attorney of record should receive a copy of a pleading. *Id.* at R. 21(c). Further, the parties must file a certificate of service for every filed pleading, plea, motion, or application. *Id.* at R. 21(d).

A certificate of service on a motion or filing creates a presumption of notice. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam). In other words, the absence of a certificate means that service is not presumed. *See Ne. Tex. Staffing v. Ray*, 330 S.W.3d 1, 5 (Tex. App.—Texarkana 2010, no pet.) (citing *Goforth v. Bradshaw*, 296

8

S.W.3d 849, 854 (Tex. App.—Texarkana 2009, no pet.)). However, "[t]he absence of a certificate does not prevent a party from establishing that service was conducted." *Id.* According to the rules, "[a] certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." *See* TEX. R. CIV. P. 21a(e).

A document filed electronically under Rule 21 "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." TEX. R. CIV. P. 21a(a)(1). "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider." *See id.*; *see also Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## B. Discussion

Salinas complains that "[a]ppellees consistently and repeatedly failed to serve [him] with pleadings, motions[,] and correspondence to the Court in direct violation of Texas Rule of Civil Procedure 21." Salinas claims this failure of notification "severely prejudiced [him] in formulating or advocating his defense of the litigation" and "[h]e was always coming up from behind and two steps too late" because he was not properly served with case filings.

In his brief, Salinas lists the occasions where he failed to receive proper notice under Rule 21. He specifically references: (1) DUR's July 17, 2019 filing of its motion to sever; (2) the court's July 23, 2019 order setting a hearing on the motion to sever for August 9, 2019; (3) Charlie Ray James Investments' August 12, 2019 motion for default

9

judgment; and (4) a January 7, 2020 correspondence from Charlie Ray James Investments to the trial court. We address each event in turn.

First, regarding the motion to sever and its related hearing, Salinas is correct that his attorney's name was not listed on the certificate of service on the initial motion. Therefore, no presumption of service arose regarding this pleading. *See Mathis*, 166 S.W.3d at 745. However, Charlie Ray James Investments offered evidence that Salinas's attorney received the following electronic notifications of service from E-file Texas, the public e-filing system for our state: (1) the July 17, 2019 motion to sever; (2) a July 17, 2019 proposed order on the motion to sever; (3) a July 23, 2019 proposed order setting hearing on the motion to sever; and (4) a July 25, 2019 order to set hearing on DUR's motion to sever. These electronic notifications constitute "prima facie evidence of the fact of service" under Rule 21a(e).[4] *See* Tex. R. Civ. P. 21a(e); *Ne. Tex. Staffing*, 330 S.W.3d

---

[4] For example, here is the exhibit documenting DUR's e-filing service of its July 17, 2019 motion to sever. The evidence documents that Richard Alamia, counsel for Salinas, was served. The other exhibits reflected similar information and service.



## Notification of Service

Case Number: C-2001-19-D
Case Style: DUR Properties, LLCVS.Charlie Ray
James Investments, LLC
Envelope Number: 35207147

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
| --- | --- |
| Case Number | C-2001-19-D |
| Case Style | DUR Properties, LLCVS.Charlie Ray James Investments, LLC |
| Date/Time Submitted | 7/17/2019 2:52 PM CST |
| Filing Type | Motion (No Fee) |
| Filing Description | Motion to Sever |
| Filed By | Mark Montalvo |
| Service Contacts | Other Service Contacts not associated with a party on the case: Daniel Koeneke (daniel@ekrattorneys.com) Emily Gearhart (emily@ekrattorneys.com) MARK MONTALVO (MARK@MONTALVOLAW.NET) RICHARD ALAMIA (RICHARD.ALAMIA@YAHOO.COM) |

at 5; *Goforth*, 296 S.W.3d at 854. Thus, even absent the certificate of service, we conclude that Charlie Ray James Investments established that service was completed regarding the severance motion and hearing. *See Ne. Tex. Staffing*, 330 S.W.3d at 5.

Next, concerning Charlie Ray James Investments' motion for default judgment, we again note that Salinas was not included on the certificate of service. *See* Tex. R. Civ. P. 21(d). Therefore, there is no presumption that he was notified of this pleading. *See Mathis*, 166 S.W.3d at 745. However, Charlie Ray James Investments withdrew this pleading as soon as Salinas filed an answer. Accordingly, we conclude that Salinas was not harmed by this failure of notification. *See* Tex. R. App. P. 44.1(a)(1) (providing that, in civil appeals, "no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment").

Finally, Salinas complains that he received no notice of the January 7, 2020 correspondence from Charlie Ray James Investments to the court concerning a docket control order for Cause No. C-2001-19-D-1. Salinas, again, was not listed on a certificate of service. *See* Tex. R. Civ. P. 21(d). However, Charlie Ray James Investments provided the electronic notifications of service from E-file Texas documenting that Salinas's counsel was served. *See Ne. Tex. Staffing*, 330 S.W.3d at 5. We thus conclude that Charlie Ray James Investments established that service occurred regarding this letter. *See id.*

In light of the foregoing facts, we conclude that Rule 21 was not violated. Salinas received notice via electronic service for all of the complained-of filings. Tex. R. Civ. P.

21a(a)(1). Further, where Salinas did not receive notice, the error was not reversible. *See* TEX. R. APP. P. 44.1(a)(1). We overrule his complaints regarding improper notice or service.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
10th day of March, 2022.