**Jerry Wayne HUDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00483–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 2005.

Mary Connealy Acosta, Houston, for appellant.

Bridget Holloway, Houston, for state.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## SUBSTITUTE OPINION[1]

KEM THOMPSON FROST, Justice.

Appellant, Jerry Wayne Hudson, was convicted of assault upon a family member. He asserts six issues on appeal: (1) the trial court erred by admitting hearsay statements in violation of appellant's rights under the Confrontation Clause; (2) the trial court erred by admitting hearsay statements under the excited-utterance exception to the hearsay rule; (3) the trial court erred by denying appellant's motion for mistrial after the State introduced evidence of extraneous offenses; (4) the trial court submitted an erroneous jury charge; and (5)-(6) the evidence is legally and factually insufficient to support the conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the night of May 27, 2003, Pasadena Police Officers J.M Gonzales and Joseph Phillips responded to an assault call. Wynona Edwards, the complainant, was sitting in front of a house and her face was swollen around her eye and nose. There was fresh blood on her shirt. Edwards appeared visibly shaken and was crying and upset. She told the officers that appellant had punched her and thrown her into a dumpster. She also told them appellant was her common-law husband. Officer Phillips testified that Edwards was intoxicated, but she was able to speak coherently while explaining what had happened.

Emergency Medical Technician ("EMT") Monroe Cooper arrived less than a half hour after the police officers. At trial, he testified that the injuries to Edwards's face were consistent with an assault. He also testified that he noticed the odor of alcohol on Edwards and that she was very intoxicated, but he stated that her facial injuries were not consistent with falling down. After Cooper began to treat Edwards's injuries, Officers Gonzales and Phillips went to appellant's apartment. Appellant voluntarily came to the door but was generally uncooperative in answering the officers' questions and denied all allegations of assault. The officers placed appellant under arrest.

After Edwards was transported to a hospital, Dr. Jason Bradt examined her injuries and diagnosed her with a fractured orbital bone and fractured ribs, consistent with an assault. Edwards also had a blood-alcohol concentration of 0.259. Dr. Bradt testified at trial that he believed Edwards referred to appellant as her "boyfriend" when identifying the person who assaulted her, but that he had not documented this reference.

Appellant was charged by indictment with assault upon a family member. *See* TEX. PEN. CODE ANN. § 22.01(b)(2) (Vernon 2003). Because appellant had pleaded guilty to another family-assault offense in April 2003, appellant faced a third-degree felony conviction rather than a Class A misdemeanor. *See id.* Appellant pleaded "not guilty." Edwards did not testify at appellant's trial. A jury found appellant guilty, and the trial court

---

1. We withdraw the opinion issued in this case on September 8, 2005, and we issue this substitute opinion in its place.

assessed punishment at eight years' confinement in the Texas Department of Criminal Justice, Institutional Division.

## II. ANALYSIS

### A. Did the trial court err by admitting hearsay statements under the excited-utterance hearsay exception?

In his second issue, appellant argues that the trial court erred by admitting the hearsay testimony of EMT Cooper and Officers Phillips and Gonzalez. Specifically, appellant challenges the admissibility of the portions of these three witnesses' statements in which they testified that Edwards told them that appellant was her common-law husband and that he had punched her in the eye, grabbed her, and put her in a dumpster. The trial court admitted their testimony under the excited-utterance exception to the hearsay rule in Texas Rule of Evidence 803(2). *See* TEX. R. EVID. 803(2). Appellant argues that their testimony was not admissible under this exception. *See id.*

■ Whether an out-of-court statement is admissible under an exception to the general hearsay exclusion rule is a matter within the trial court's discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex.Crim. App.2003). We are only to determine whether the record supports the trial court's ruling. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994). We will reverse only when "the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.'" *Zuliani*, 97 S.W.3d at 595 (quoting *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992)).

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). For hearsay to be admissible, it must fit into an exception provided by statute or the Rules of Evidence. TEX. R. EVID. 802. An excited utterance under Rule 803(2) is one such exception. TEX. R. EVID. 803(2).

■ An excited utterance is "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). For hearsay to be admitted under this exception, the proponent must predicate the statement by showing the following: (1) the statement was a product of a startling occurrence that produced a state of nervous excitement in the declarant and rendered the utterance spontaneous; (2) the state of excitement dominated the declarant's mind such that there was no time or opportunity for him to contrive or misrepresent; and (3) the statement related to the circumstances of the occurrence preceding it. *See Jackson v. State*, 110 S.W.3d 626, 633 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd).

■ When determining whether a hearsay statement is admissible as an excited utterance, a reviewing court may consider the amount of time that elapsed between the startling event and the statement. *Salazar v. State*, 38 S.W.3d 141, 154 (Tex.Crim.App.2001). It is not dispositive that the statement was separated by a period of time from the startling event; it is only a factor to consider in determining if the statement is admissible under the excited-utterance hearsay exception. *Zuliani*, 97 S.W.3d at 596. The critical factor to consider when determining if a statement is an excited utterance is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event.'" *Id.* (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App. 1992)). A reviewing court must decide if the statement was made "under such cir-

cumstance as would reasonably show that it resulted from impulse rather than reason or reflection.'" *Zuliani,* 97 S.W.3d at 596 (quoting *Fowler v. State,* 379 S.W.2d 345, 347 (Tex.Crim.App.1964)).

■ Appellant argues that Edwards's statements to EMT Cooper and Officers Phillips and Gonzalez are not admissible as excited utterances because she was intoxicated at the time. Appellant contends that Edwards's intoxication calls into question whether her mind was dominated by a state of excitement such that there was no time or opportunity for her to contrive or misrepresent. However, the three witnesses testified that Edwards was visibly shaken and highly upset when they arrived within five minutes of receiving the assault call. Appellant does not cite, nor have we found, any authority to support appellant's contention that Edwards's intoxication would make her statement more likely a product of reason and reflection than a product of an exciting event. We conclude the trial court did not abuse its discretion in admitting the testimony of EMT Cooper and of Officers Phillips and Gonzalez under the excited-utterance hearsay exception. Accordingly, we overrule appellant's second issue.

**B. Did the trial court err by admitting hearsay statements in violation of appellant's rights under the Confrontation Clause?**

■ In his first issue, appellant contends that even if Edwards's statements to EMT Cooper and to Officers Phillips and Gonzalez were admissible as excited utterances, they were testimonial hearsay, and thus, their admission violates his Sixth Amendment right to confrontation. *See*

*Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford,* the United States Supreme Court made a distinction between testimonial and nontestimonial hearsay statements, holding that testimonial hearsay statements are inadmissible under the Confrontation Clause unless the declarant is unavailable and the accused has had an opportunity to cross-examine the declarant. *Id.* at 53–54, 59, 68–69, 124 S.Ct. at 1365, 1369, 1374. This court's recent decisions interpreting *Crawford* have held that testimonial statements include a declarant's knowing responses to structured questioning in an investigative environment or a courtroom setting where the declarant reasonably would expect that her responses might be used in future judicial proceedings. *See Tyler v. State,* 167 S.W.3d 550, 553–54 (Tex.App.-Houston [14th Dist.] 2005, pet. filed.); *Spencer v. State,* 162 S.W.3d 877, 880 (Tex.App.-Houston [14th Dist.] 2005, pet. filed).

■ Statements made to officers responding to a call during the initial assessment and securing of a crime scene are not testimonial. *See Spencer,* 162 S.W.3d at 881; *see also Key v. State,* 173 S.W.3d 72, 75–77 (Tex.App.-Tyler 2005, pet. ref'd.). Edwards volunteered information after police officers responded to an assault call. The officers were not conducting structured questioning in an investigative setting; they merely were trying to ascertain what had happened. There is no reason to believe that Edwards, who was in a visibly upset and shaken condition, reasonably expected her statements to be used in a judicial setting. The officers heard these statements during their initial assessment of a crime scene.[2] Edwards's statements

---

2. Both the State and appellant attempt to draw support from the conflict over whether questioning of a victim in the hospital is testimonial hearsay. *Compare Cassidy v. State,*

149 S.W.3d 712, 716 (Tex.App.-Austin 2004, pet. ref'd) (statements given at hospital following questioning are nontestimonial), *cert. denied,* —— U.S. ——, 125 S.Ct. 1648, 161

to Officers Phillips and Gonzalez and to EMT Cooper are not testimonial, and the trial court's admission of the statements did not violate appellant's rights under the Confrontation Clause. Accordingly, we overrule appellant's first issue.

## C. Did the trial court abuse its discretion in denying appellant's motion for a mistrial?

In his third issue, appellant contends the trial court erred in denying his motion for a mistrial after Dr. Bradt testified that Edwards told him of repeated beatings in the days preceding the incident. During his testimony, Dr. Bradt revealed that Edwards had mentioned several assaults in the days leading up to May 27, 2003. Appellant objected to Dr. Bradt's testimony. The trial court sustained his objection, instructed the jury to "disregard the last response and not consider it whatsoever," but denied appellant's motion for a mistrial. Appellant argues that Dr. Bradt improperly injected extraneous offenses that inflamed the minds of the jury such that the trial court's instruction to disregard could not cure the harm.

We review a trial court's denial of a motion for a mistrial under an abuse-of-discretion standard. *See Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App.1999). A mistrial is an extreme remedy for prejudicial events that occur at trial and should be exceedingly uncommon. *Bauder v. State,* 921 S.W.2d 696, 698 (Tex.Crim.App.1996). A mistrial is required only when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Hinojosa v. State,*

4 S.W.3d 240, 253 (Tex.Crim.App.1999); *Herrero v. State,* 124 S.W.3d 827, 836 (Tex. App.-Houston [14th Dist.] 2003, no pet.). Generally, a prompt instruction to disregard will cure error resulting from an improper question and answer regarding extraneous offenses. *Ovalle v. State,* 13 S.W.3d 774, 783 (Tex.Crim.App.2000); *see also Whitaker v. State,* 977 S.W.2d 595, 600 (Tex.Crim.App.1998) (instruction cured error when witness testified that appellant was physically and mentally abusive toward her); *Paster v. State,* 701 S.W.2d 843, 848 (Tex.Crim.App.1985) (instruction rendered testimony concerning appellant's involvement in two extraneous murders harmless); *Herrero,* 124 S.W.3d at 836 (instruction cured error when witness stated he was testifying in exchange for government protection from death threat by appellant). This court previously has considered whether the prosecutor solicited the improper testimony, *see Drake v. State,* 123 S.W.3d 596, 604 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd), and whether the jury heard similar evidence, *see Herrero,* 124 S.W.3d at 836, as factors in determining whether the trial court erred in denying a motion for a mistrial.

After reviewing the record, we conclude the trial court did not abuse its discretion in denying appellant's motion for a mistrial because the improper testimony was not clearly calculated to inflame the jurors' minds nor was it of such a character as to suggest the impossibility of withdrawing the impression left upon the jury. The State did not solicit the improper testimony; rather, it was a nonresponsive answer from an expert witness reading from his notes to refresh his memory. The trial court's instruction to disregard

L.Ed.2d 486 (2005), *with Wall v. State,* 143 S.W.3d 846, 851 (Tex.App.-Corpus Christi 2004, pet. ref'd) (statements given at hospital following questioning are testimonial). We

need not address this conflict as the complainant (Edwards) was at the crime scene, not the hospital, when she made the statements in question.

was prompt, unequivocal and forceful, fully sufficient to cure any harm from any impression left upon the jury. Additionally, the trial court specifically had instructed the jurors during voir dire that they were to separate prior incidents from the charged assault. We conclude that the trial court did not abuse its discretion by denying a mistrial after Dr. Bradt's mention of the previous assaults. Accordingly, we overrule appellant's third issue.

## D. Did the trial court err by not properly instructing the jury on the definitions of "consanguinity" and "affinity"?

In his fourth issue, appellant contends that the jury charge should have contained the definitions of "consanguinity" and "affinity" as contained in the Texas Government Code. *See* TEX. GOV'T CODE ANN. §§ 573.022, 573.024 (Vernon 2004). Assault of a family member becomes a third-degree felony only upon proof that a person assaulted a family member and that person previously was convicted of assaulting a family member. TEX. PEN. CODE ANN. § 22.01(b)(2). To prove a defendant assaulted a family member, the State must establish that the defendant and the complainant are members of the same family. *See id.* Family members include people related by consanguinity or affinity, as determined under sections 573.022 and 573.024 of the Texas Government Code, former spouses, parents of the same child, or a foster child and foster parent. TEX. FAM. CODE ANN. § 71.003 (Vernon 2002); TEX. PEN. CODE ANN. § 22.01(e)(1).

In this case, the jury charge tracked the statutory definition of "family," but it did not provide the statutory definitions of either "consanguinity" or "affinity." Appellant did not object to the jury charge. Therefore, error, if any, does not require reversal unless it was so egregious and created such harm that appellant was denied a fair trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). First, this court must determine whether the jury charge is erroneous. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim.App.1996). If it is, then the court must determine whether the error in the charge resulted in egregious harm. *Id.*

Generally, the jury charge need not define any terms which are not statutorily defined. *See Martinez v. State*, 924 S.W.2d 693, 698 (Tex.Crim.App.1996). However, a trial court's charge should contain a definition of any legal phrase that the jury necessarily will use in properly resolving that issue. *Lindsay v. State*, 102 S.W.3d 223, 230 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). If a phrase, term, or word is statutorily defined, the trial court must submit the statutory definition to the jury. *Id.*

The jury charge included the statutory definition for "family," which includes "individuals related by consanguinity or affinity, as determined under Sections 573.022 and 573.024, Government Code, [and] individuals who are former spouses of each other...." TEX. FAM. CODE ANN. § 71.003. However, the jury charge did not contain the statutory definitions for "consanguinity"[3] and "affinity."[4] Because these terms have statutory

---

**3.** Texas Government Code § 573.022(a) states that "[t]wo individuals are related to each other by consanguinity if: (1) one is a descendent of the other; or (2) they share a common ancestor." TEX. GOV'T CODE ANN. § 573.022 (Vernon 2004).

**4.** Texas Government Code § 573.024(a) states that "[t]wo individuals are related to each other by affinity if: (1) they are married to each other; or (2) the spouse of one of the individuals is related by affinity to the other

definitions, the trial court erred in failing to include the definitions in the charge. *See Lindsay,* 102 S.W.3d at 230.

 Appellant further asserts that the jury charge should have defined the elements of common-law marriage because that was the family relationship upon which the State relied for conviction. Because common-law marriage was an issue "applicable to the case," appellant argues the omission of the definition of common-law marriage was also error. *See* TEX. CODE CRIM. PROC. ANN. Art. 36.14 (Vernon 2004); *see also Posey v. State,* 966 S.W.2d 57, 62 (Tex.Crim.App.1998). Presuming without deciding that the omission of the definition of "common-law marriage" from the jury charge was also error, we must determine whether appellant has demonstrated egregious harm that would warrant reversal. *Almanza,* 686 S.W.2d at 171. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza,* 686 S.W.2d at 171. Errors resulting in egregious harm are those which affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defense theory. *Hutch,* 922 S.W.2d at 171.

 In this case, appellant did not suffer egregious harm as a result of the omitted definitions. The jury heard evidence that appellant was Edwards's common-law husband. Although the meaning of the words "consanguinity" and "affinity" may not be commonly known, it is commonly understood that one's spouse is a member of one's family. Even without the definitions of "common-law marriage," "consan-

guinity," and "affinity," a reasonable juror could have concluded that Edwards was appellant's family member. Even though the jury charge contained error, we conclude it did not result in egregious harm affecting the very basis of the case or depriving appellant of a valuable right. *See id.* Accordingly, we overrule appellant's fourth issue.

### E. Is the evidence legally and factually sufficient to support appellant's conviction for assaulting a family member?

In his fifth and sixth issues, appellant contends the evidence is legally and factually insufficient to prove that he committed assault against a family member. Specifically, appellant contends that the evidence is insufficient to show that Edwards was a member of his family. As stated above, assault of a family member becomes a third-degree felony only upon proof that the accused previously was convicted of assaulting a family member. TEX. PEN. CODE ANN. § 22.01(b)(2). To prove appellant assaulted a family member, the State was required to establish that appellant and Edwards are related by consanguinity or affinity, former spouses, parents of the same child, or a foster child and foster parent. *See* TEX. FAM. CODE ANN. § 71.003 (Vernon 2004); TEX. PEN. CODE ANN. § 22.01(b)(2), (e)(1).

 We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). A hypothetically correct jury charge accurately sets out the law, is authorized by the charging instrument, and adequately describes the particular offense for which appellant was tried. *Id.* The hypothetically correct jury

individual." TEX. GOV'T CODE ANN. § 573.024 (Vernon 2004).

charge in this case would have contained the statutory definitions of "consanguinity" and "affinity." *See* TEX. FAM. CODE ANN. § 71.003; TEX. GOV'T CODE ANN. §§ 573.022, 573.024 TEX. PEN. CODE ANN. § 22.01(b)(2), (e)(1).

In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App.2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellants' evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997).

The evidence is legally sufficient to convict appellant of assaulting a family member. The State was required to prove that appellant intentionally, knowingly, or recklessly caused Edwards, a family member, bodily injury. *See* TEX. PEN. CODE ANN. § 22.01(b)(2). Edwards's statements to the police officers established that appellant was responsible for the harm and that Edwards was her common-law husband. On this evidence, a reasonable trier of fact could have concluded that appellant and Edwards were family members. Viewing all evidence in a light most favorable to the verdict, we conclude the evidence is legally sufficient to support appellant's conviction. Accordingly, we overrule appellant's fifth issue.

When evaluating a challenge to the factual sufficiency of the evidence, we view all the evidence in a neutral light and inquire whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App.2004). A reviewing court may find the evidence factually insufficient in two ways. *Id.* First, when considered by itself, the evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. *Id.* Second, after weighing the evidence supporting the verdict and the evidence contrary to the verdict, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Id.* at 484–85. In conducting the factual-sufficiency review, we must employ appropriate deference so that we do not substitute our judgment for that of the fact finder. *Id.* at 481–82. Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimony. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). In conducting a factual-sufficiency review, we must discuss the evidence appellant claims is most important in allegedly undermining the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

The evidence is factually sufficient to establish that Edwards was a member of appellant's family. Appellant asserts

that Edwards did not know the legal definition of common-law marriage and was highly intoxicated when she told police that appellant was her common-law husband. Appellant asserts that, based on these circumstances, Edwards' testimony has questionable credibility and should have raised a reasonable doubt in jurors' minds. The only evidence contrary to a finding of family relation is the testimony of Dr. Bradt, stating that he "believed" Edwards referred to appellant as her "boyfriend." Viewing the evidence in a neutral light, a finding that Edwards was a member of appellant's family is neither so weak as to be clearly wrong nor against the great weight and preponderance of evidence. *See Zuniga*, 144 S.W.3d at 484. Accordingly, we overrule appellant's sixth issue.

Having overruled all six of appellant's issues on appeal, we affirm the trial court's judgment.