Affirmed and Memorandum Opinion filed September 17, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00387-CR

_______________

 

WILLIAM JAMES BRADFORD, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1121937 

 

M E M O R A N D U M   O P I N I O N

Appellant, William James Bradford, was convicted of
aggravated sexual assault and sentenced to life imprisonment.  In the sole
issue presented on appeal, appellant argues the trial court erred in denying
his motion for mistrial premised upon an apparently inadvertent reference to
his Acriminal history.@  Finding no reversible error by the
trial court, we affirm.

 








Background

On December 8, 2006, complainant, S.N., was sexually
assaulted at her sister=s apartment.  She did not see her attacker=s face because he wore a mask. 
Following the assault, complainant and her sister gave police a list of items
that were taken from the apartment, including a Swiss Army watch and a
University of Texas national championship letter jacket.  

Sergeant Cliff Blomberg of the Houston Police Department
located a watch matching the description at a nearby pawn shop.  The store=s records indicated that appellant
pawned the watch ten days after the sexual assault.  Then, in February 2007,
complainant=s sister saw appellant outside of her apartment wearing her letter
jacket.[1]

Appellant was arrested and indicted for aggravated sexual
assault.  At trial, Sergeant Blomberg briefly mentioned appellant=s Acriminal history@ while testifying.  The parties agree
that the comment was not solicited by the prosecutor and the jury did not hear
any details about appellant=s criminal history.[2]  The jury was
immediately removed from the courtroom, and appellant moved for a mistrial.

The court denied appellant=s motion and instructed the jury to
disregard Blomberg=s statement and not to consider it for any purpose. 
Following the instruction to disregard, the State presented additional
evidence, including test results indicating that appellant=s DNA was found inside of complainant=s underwear.  








The jury found appellant guilty and sentenced him to life
imprisonment.  On appeal, appellant argues that the instruction to disregard
did not cure the prejudice allegedly caused by the inadvertent mention of
appellant=s criminal history.

Analysis

Appellant claims that the trial court erred in denying his
motion for mistrial after Sergeant Blomberg mentioned appellant=s Acriminal history@ during the guilt phase of trial.  We
review a trial court=s denial of a motion for mistrial under an
abuse-of-discretion standard.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex.
Crim. App. 2004).  A trial court does not abuse its discretion unless its
decision falls outside the zone of reasonable disagreement.  Santellan v.
State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).  

A mistrial is used to halt proceedings when error is so
prejudicial that expenditure of further time and expense would be wasteful and
futile.  Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  The
determination of whether a given error necessitates a mistrial must be made by
examining the particular facts of the case.  Id.  A grant of a motion
for mistrial should be reserved for those cases in which an instruction to
disregard could not cure the prejudice stemming from an event at trial.  Young
v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). 








Generally, a witness=s reference to a defendant=s criminal history, standing alone,
is cured by a prompt instruction to disregard.  Jackson v. State, 287
S.W.3d 346, 354 (Tex. App.CHouston [14th Dist.] 2009, no pet.); see also Ladd, 3
S.W.3d at 571 (holding instruction to disregard cured witness=s improper reference to defendant=s multiple juvenile arrests); Kemp
v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (concluding witness=s reference to defendant having Arecently been released from the
penitentiary@ cured by instruction to disregard).  An exception to this general rule
exists, such that a mistrial is required, when the improper testimony is
clearly calculated to inflame the minds of the jury and is of such a character
as to suggest the impossibility of withdrawing the impression produced on the
minds of the jury.  Hudson v. State, 179 S.W.3d 731, 738 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 


Here, Blomberg=s reference to appellant=s criminal history does not
constitute such improper testimony.  Rather, the challenged testimony closely
resembles references that have been cured by an instruction to disregard.  See
Jackson, 287 S.W.3d at 354; Ladd, 3 S.W.3d at 571; Kemp,
846 S.W.2d at 308.  We must presume that the jury in this case followed the
trial court=s instructions and conducted itself accordingly.  See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  Therefore, appellant has not shown
that the trial court=s prompt and unequivocal instruction to disregard was
insufficient to cure harm from any impression left upon the jury.  See
Hudson, 179 S.W.3d at 738B39. 

Even had appellant shown an abuse of discretion, we are
required to disregard any error that does not affect the substantial rights of
the accused.  See Tex. R. App. P. 44.2(b).  In conducting a harm
analysis under Rule 44.2, we may consider a number of factors, including
evidence of appellant=s guilt presented at trial.  See Motilla v. State, 78
S.W.3d 352, 358 (Tex. Crim. App. 2002).  In this case, evidence at trial
connected appellant to rather unique items taken from the apartment following
the sexual assault.  Police located the Swiss Army watch at a pawn shop and
discovered that it was appellant who pawned it.  Appellant was also seen
wearing a college football national-championship letter jacket, an item not
commonly found in many wardrobes, identical to that reported missing from the
apartment.  Finally, the State offered testimony demonstrating that appellant=s DNA was found in complainant=s underwear.

Given the overwhelming evidence of appellant=s guilt, it is unlikely that the
brief mention of appellant=s criminal history had a substantial effect on the jury=s verdict.  See id. at 357. 
The trial court did not did not abuse its discretion in denying appellant=s motion for mistrial.  We overrule
the sole issue presented on appeal.  








Conclusion

Accordingly, the judgment of the trial court is affirmed.

 

/s/      Kent C. Sullivan

Justice

 

Panel
consists of Justices Seymore, Brown, and Sullivan.

Do Not
Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]           She testified that the jacket was rare.





[2]           During the punishment phase of trial,
Deputy Gail Mills of the Harris County Sheriff=s Department testified that appellant was convicted of indecency with a
child in November 1989 and burglary of a habitation with intent to commit
sexual assault in June 2003.