

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTHONY LOYA, | § | |
| | | No. 08-12-00315-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Criminal Court at Law No. 4 |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20110C04339) |
| | § | |

**O P I N I O N**

Anthony Loya, Appellant, was convicted of the offense of assault-family violence, and sentenced to 365 days in county jail. In two issues on appeal, Appellant complains the trial court erred by admitting the complainant's statements to a deputy sheriff and an emergency medical technician (EMT) that Appellant had assaulted her. Appellant argues the admission of these statements violated his Texas and U.S. Constitutional rights. We affirm.

**BACKGROUND**

Because Appellant does not challenge the sufficiency of the evidence to support his conviction, only a brief recitation of the facts is necessary. At trial, El Paso Deputy Sheriff Pedro Ajo testified that on May 16, 2011, he was dispatched to a residence where assault-family

violence was in progress. When Deputy Ajo arrived at the residence, the complainant opened the door.[1] The complainant was surprised Deputy Ajo was at the residence because she had been in an argument with her daughter and in an altercation with her son, but she did not know who called 911. Deputy Ajo observed scratches on the left side of the complainant's neck and redness on the left side of her chest. At trial, when the State asked Deputy Ajo if he knew who made the scratches on the complainant's neck, Appellant objected on hearsay grounds and argued the State was "soliciting hearsay by the back-door method." After the trial court overruled Appellant's objection, Deputy Ajo responded that he knew who made the scratches on the complainant and identified Appellant, the complainant's son, as the person who had made the scratches.

Deputy Ajo testified he arrested Appellant for assault-family violence. When asked why Appellant was arrested, Appellant objected to the State's "back-door method of eliciting hearsay testimony" and to any hearsay testimony on federal and state constitutional grounds. The trial court overruled the objection and Deputy Ajo stated he arrested Appellant due to the complainant's injuries.

Shane Wells, an EMT with Life Ambulance, testified one of his job duties as an EMT is to respond to 911 calls in El Paso County. On May 16, 2011, Wells responded to an assault call involving an older female. When Wells arrived on the scene to find the patient, the patient was "a little upset . . . had scratches to her face, to her neck and . . . complain[ed] of chest pain." Wells conducted a full-body assessment of the patient and completed medical documentation of his assessment.

When the State attempted to admit the medical assessment records made by EMT Wells,

---

[1] The complainant did not testify at trial.

2

Appellant objected.   Outside of the presence of the jury, Appellant argued the medical records were hearsay and violated his confrontation right under the U.S. and Texas Constitutions. Appellant argued the records were prejudicial and objected to those portions of the records where the term "assault" was used.   More specifically, Appellant objected to the portion of the records that stated "patient--states she had an argument with her son.   During the argument she states the son punched her in the chest, then attempted to grab her by the face and neck."   The records were admitted over Appellant's objections.

## DISCUSSION

In Issues One and Two, Appellant contends the trial court abused its discretion by admitting statements the complainant made to Deputy Ajo and EMT Wells because they violated his confrontation rights under the United States and Texas Constitutions.   Appellant further complains the trial court erred by admitting the medical assessment records created by EMT Wells because it constituted inadmissible hearsay.

*Standard of Review and Applicable Law*

We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion.   *Martinez v. State*, 327 S.W.3d 727, 736 (Tex.Crim.App. 2010); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005).   A trial court abuses its discretion when its decision lies "outside the zone of reasonable disagreement."   *Walters v. State*, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007).   We affirm the trial court's decision if it falls within the zone of reasonable disagreement.   *Moses v. State*, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003).   When deciding whether the admission of certain statements violated a defendant's right to confrontation, however, we review the trial court's ruling *de novo*.   *Wall v. State,* 184 S.W.3d 730, 742–43

3

(Tex.Crim.App. 2006).

## CONFRONTATION RIGHTS

We begin by noting that in response to Appellant's arguments, the State maintains Appellant failed to preserve his claims that his confrontation rights under the Texas Constitution were violated. We agree with the State. Appellant has waived any error on state constitutional grounds because he has failed to present any separate substantive analysis showing that Article I, Section 10 of the Texas Constitution affords greater protection than the United States Constitution. *See Lagrone v. State*, 942 S.W.2d 602, 612 (Tex.Crim.App. 1997) (refusing to address appellant's claim of error on state constitutional ground where he failed to show Texas Constitution provides greater protection than the Fifth Amendment); *Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993) (holding appellant waived error on state constitutional ground because he failed to provide reasoning for interpreting Texas Constitution more broadly than United States Constitution). Accordingly, our focus is on whether the complained-of statements violated Appellant's Sixth Amendment right to confrontation. The Confrontation Clause of the Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses. *Langham v. State*, 305 S.W.3d 568, 575 (Tex.Crim.App. 2010); *see also* U.S. CONST. amend. VI. The Confrontation Clause is binding on the states under the Fourteenth Amendment. *Michigan v. Bryant*, 131 S.Ct. 1143, 1152, 179 L.Ed.2d 93 (2011). In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause bars out-of-court statements that are testimonial, unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. 541 U.S. 36, 59, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004).

The threshold inquiry for supposed Confrontation Clause violations is whether the admitted statements are testimonial or nontestimonial in nature. *Vinson v. State*, 252 S.W.3d 336, 338 (Tex.Crim.App. 2008); *Lollis v. State*, 232 S.W.3d 803, 805-06 (Tex.App. – Texarkana 2007, pet. ref'd). Whether a statement is testimonial or nontestimonial is a question of law that we review *de novo*. *Langham*, 305 S.W.3d at 576; *see also Wall*, 184 S.W.3d at 742. Statements are testimonial if "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 2273-74, 165 L.Ed.2d 224 (2006). Statements made are nontestimonial when made during an interrogation whose objective primary purpose is to enable police to respond to an ongoing emergency. *Davis*, 547 U.S. at 822, 126 S.Ct. at 2273; *Bryant*, 131 S.Ct. at 1154; *State v. Echendu*, No. 05-11-00346-CR, 2012 WL 1130419, at *2 (Tex.App. – Dallas Apr. 5, 2012, no pet.). Likewise, when out-of-court statements in the context of an interview are made primarily for the purpose of medical diagnosis and treatment, they are not testimonial. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 n.2, 129 S.Ct. 2527, 2533, 174 L.Ed.2d 314 (2009) (medical records created for purposes of treatment are not testimonial within the meaning of *Crawford*).

The violation of an appellant's right to confrontation is subject to harmless-error analysis. *Rubio v. State*, 241 S.W.3d 1, 3 (Tex.Crim.App. 2007). Under this analysis, we must reverse unless we determine beyond a reasonable doubt that the error did not contribute to the appellant's conviction. *Id*. In assessing harm, we consider the following factors: (1) the importance of the out-of-court statement to the State's case; (2) whether the out-of-court statement was cumulative of other evidence; (3) the presence or absence of evidence

5

corroborating or contradicting the out-of-court statement on material points; and (4) the overall strength of the prosecution's case. *Langham*, 305 S.W.3d at 582; *Davis v. State*, 203 S.W.3d 845, 852 (Tex.Crim.App. 2006).

## DEPUTY AJO'S TESTIMONY

In Issue One, Appellant maintains the trial court erred in admitting Deputy Ajo's testimony concerning the statements the complainant made to him because they were "testimonial resulting in a constitutional Confrontation Clause problem." In response, the State first contends Appellant failed to preserve his argument because the record does not support his argument on appeal. Alternatively, the State argues that "[t]he record establishes . . . [the complainant's] alleged statement to Deputy Ajo was made during his initial assessment of the reported assault and was thus, nontestimonial." Accordingly, the State maintains Appellant failed to show that the admission of the complained-of testimony violated his confrontation rights. We presume, without deciding, that Appellant has preserved this issue for appellate review. However, we agree with the State that the complained-of statements were not testimonial.

In determining whether circumstances were present when Deputy Ajo spoke with the complainant that would objectively indicate the existence of an ongoing emergency, we consider a non-exhaustive list of factors including: (1) whether the event was still in progress; (2) whether the questions sought to determine what is presently happening, as opposed to what had happened in the past; (3) whether the primary purpose of the interrogation was to render aid, and not just to memorialize a possible crime; (4) whether the questioning was conducted in a separate room, away from the alleged attacker; and (5) whether events were deliberately reported in a

6

step-by-step fashion. *See Vinson*, 252 S.W.3d at 339 (citing *Davis*, 547 U.S. at 830, 126 S.Ct. at 2278).

As to the first factor, the record reflects Deputy Ajo arrived at the scene approximately ten minutes after he was dispatched to an assault-family violence in progress. The complainant appeared shocked at Deputy Ajo's arrival as she did not know who had called the police. Deputy Ajo observed the complainant was injured. At the time, Appellant, the complainant, and the complainant's daughter were on the scene. Accordingly, the event was "still in progress."

As correctly noted by the State, the record is silent as to the second and third factors. The record is also silent as to the fourth factor. As to the fifth factor, nothing in the record shows that the complained-of statements to Deputy Ajo were deliberately retold in a step-by-step fashion. Accordingly, because the complained-of statements were made during the initial assessment and while the event was still in progress, the statements were not testimonial and their admission did not constitute a violation of Appellant's confrontation rights. *See Langham*, 305 S.W.3d at 579; *Rodriguez v. State*, 274 S.W.3d 760, 765 (Tex.App. – San Antonio 2008, no pet.) (victim's statements to police that she escaped from house where her boyfriend had assaulted her, her exhibition of physical injury, and statement that boyfriend was probably in the bedroom were non-testimonial and their admission into evidence did not violate Appellant's confrontation rights); *Hudson v. State*, 179 S.W.3d 731, 737-38 (Tex.App. – Houston [14th Dist.] 2005, no pet.) (concluding statements made to officers and an EMT were non-testimonial as they were made during initial assessment and securing of a crime scene). Therefore, the trial court did not err in admitting the complained-of statements.

Even assuming error, the admission of the complained-of statements was harmless. The record reflects the complained-of statements were cumulative of and corroborated by EMT Wells' testimony and the medical records created by him at the scene. We find no harmful error under the Sixth Amendment. Issue One is overruled.

## EMT WELLS' TESTIMONY

In Issue Two, Appellant complains the trial court erred in admitting statements the complainant made to EMT Wells. He asserts the complained-of statements were inadmissible hearsay and their admission into evidence violated his confrontation right under the Sixth Amendment. In response, the State maintains the trial court did not abuse its discretion in admitting the complained-of statement under Rule 803(4) of the Texas Rules of Evidence. *See* TEX.R.EVID. 803(4) (providing that hearsay statements meeting the following criteria are not excluded by the hearsay rule: "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."). The State further contends any statement by the complainant to EMT Wells identifying Appellant as her attacker was nontestimonial and as a result, Appellant failed to show the trial court violated his confrontation rights. We agree with the State.

### *Inadmissible Hearsay*

We review a trial court's decision to admit evidence over a hearsay objection for an abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex.Crim.App. 2003). The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. *Apolinar v. State*, 155 S.W.3d 184, 186-87 (Tex.Crim.App. 2005) (citing *Cantu v. State*, 842

8

S.W.2d 667, 682 (Tex.Crim.App. 1992)). We affirm the trial court's decision if it falls within the zone of reasonable disagreement. *Moses*, 105 S.W.3d at 627. We will uphold a trial court's ruling admitting or excluding evidence if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *See Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex.Crim.App. 2008).

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered into evidence to prove the truth of the matter asserted. TEX.R.EVID. 801(d). It is generally inadmissible unless a statute or the Rules of Evidence provide a specific exception permitting its admission. TEX.R.EVID. 802. Texas Rule of Evidence 803(4) provides an exception for statements made for purposes of medical diagnosis or treatment. TEX.R.EVID. 803(4); *Taylor v. State*, 268 S.W.3d 571, 579 (Tex.Crim.App. 2008). A statement is admissible under this exception when the declarant makes the statement for the purpose of receiving treatment and the content of the statement is reasonably relied on by a healthcare professional in treatment or diagnosis. *See Horner v. State*, 129 S.W.3d 210, 217 (Tex.App. – Corpus Christi 2004, pet. ref'd), *cert. denied*, 545 U.S. 1116, 125 S.Ct. 2905, 162 L.Ed.2d 298 (2005).

At trial, EMT Wells testified he was employed by Life Ambulance. He explained that as part of his job, he would respond to medical emergency calls in order to provide aid and other medical services to their patients. He further clarified that in order to aid patients, he conducted a whole body assessment which included asking about the actions leading up to the event in order to get a better understanding of what was going on with the patient. According to EMT Wells, the mechanism of injury, or how the actual event really happened is how he diagnosed his patient and how he determined how the injuries occurred.

9

On May 16, 2011, Wells responded to an assault call involving an older female. At the scene, EMT Wells met with the complainant who complained of chest pain and had scratches and minor abrasions to her face and neck. Wells testified that during his diagnosis of the complainant, she made statements that he needed to hear in order to determine how to treat her. He explained that when he assessed the complainant's signs and symptoms, the complainant stated that she first felt pain when she was struck in the chest. EMT Wells made a written report detailing his assessment of the complainant which included the following statement: "Pt states she had an argument with her son. During the argument she states the son punched her in the chest then attempted to grab her by the face and neck." According to EMT Wells' testimony the procedure he went through with the complainant is the type of procedure he made with all of his patients.

Based on the foregoing, we conclude that the complained-of statements made by the complainant to EMT Wells fall with the medical treatment exception to hearsay under Rule 803(4). The record reflects the primary purpose of the complainant's statements to EMT Wells was to allow EMT Wells to evaluate the complainant, formulate a diagnosis, and provide care. Thus, we cannot say the trial court erred by admitting EMT Wells' testimony or medical records about the complainant's statement regarding the incident. *See Lane v. State*, 111 S.W.3d 203, 211 (Tex.App. – Eastland 2003), *aff'd*, 151 S.W.3d 188 (Tex.Crim.App. 2004) (victim's statements to medical personnel that she was hit by her husband were admissible under Rule 803(4) because they were pertinent to diagnosis and treatment).

Because the complained-of statements made to EMT Wells were made with a primary purpose of medical diagnosis and treatment, and not criminal investigation, they are also not

10

testimonial in nature. *See Melendez-Diaz*, 557 U.S. at 312 n.2; *Berkley v. State*, 298 S.W.3d 712, 715 (Tex.App. – San Antonio 2009, pet. ref'd); *see also Russell v. State*, 290 S.W.3d 387, 391 (Tex.App. – Beaumont 2009, no pet.) (concluding statement made to responding EMT was not testimonial); *Malone v. State*, No. 02-10-00436-CR, 2011 WL 5118820, at *3 (Tex.App. – Fort Worth Oct. 27, 2011, no pet.) (mem. op., not designated for publication) (concluding the statement, "He kicked me," made by complainant to EMT was nontestimonial because statement was made to provide information to medical personnel treating complainant's emergency medical needs on the scene). Accordingly, we conclude the trial court did not violate Appellant's confrontation rights by admitting the complained-of evidence. *See Melendez-Diaz*, 557 U.S. at 312 n.2; *Russell*, 290 S.W.3d at 391; *Malone*, 2011 WL 5118820, at *3; *see also Martinez v. State*, No. 08-09-00065-CR, 2010 WL 2619647, at *1, 4-5 (Tex.App. – El Paso Jun. 30, 2010, no pet.) (op., not designated for publication) (concluding complainant's statement to EMT that Appellant struck her in the abdomen with a tire iron was nontestimonial and did not violate her confrontation rights because statement was made as EMT assessed complainant to determine extent of injuries and need for medical treatment). Issue Two is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

September 12, 2014                                    ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)

11