**Affirmed and Memorandum Opinion filed July 21, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00176-CR

## BIJON TAYLOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385844**

## M E M O R A N D U M   O P I N I O N

Appellant Bijon Taylor was convicted by a jury of assault of a person with whom he had a dating relationship. Appellant pleaded "true" to two felony enhancements and the trial court sentenced him to thirty years in prison. In several issues, appellant contends that (1) the evidence is insufficient to support his conviction; (2) the trial court erred by denying his motion for mistrial; (3) the trial court erred by overruling his hearsay objections; and (4) the trial court erred by overruling his objection to language in the jury charge. We affirm.

## BACKGROUND

On April 29, 2013, the complainant Alicia Polk and appellant, her boyfriend of several months, began arguing at home. The verbal altercation turned physical. Appellant grabbed the complainant around the throat and choked her until her body went limp and she fell to the ground. While choking her, appellant threatened to kill her. The complainant ran to the door attempting to leave, but appellant again threatened her. The complainant eventually got out of the house and went to a neighbor's house where she called the police. Appellant fled the scene in the complainant's vehicle and took her cell phone. Officer Curtis Jones arrived at the scene to investigate, but no charges were filed against appellant.

Appellant returned to the complainant's house later that evening at approximately 9:00 p.m. While the complainant's three children were watching television in the front living room, appellant began knocking loudly on the front door. Appellant then kicked in the door and began shouting and cursing at the children, asking for the complainant. Once the complainant appeared from the back bedroom, appellant cursed at her and accused her of calling the police about the earlier assault. He then punched the complainant in the face with a closed fist. The complainant's children witnessed the punch and saw their mother fall to the ground.

Immediately after the assault, the complainant's two eldest children ran outside to ask for help. Appellant followed the children outside, cursing at them and threatening them. The complainant's daughter then asked a neighbor to call the police because her mother had been punched. Appellant again fled the scene in the complainant's vehicle and took her cell phone.

Deputy Raymond Lomelo arrived at the scene at approximately 9:40 p.m. At trial, he testified that he saw swelling on the complainant's face, cuts on the left

2

side of her nose, blood around her nose, and a cracked tooth. During his investigation at the scene, Deputy Lomelo twice dialed the complainant's cell phone number in an attempt to contact appellant. Appellant answered both phone calls. Deputy Lomelo asked appellant to return to the scene so that he could complete a full investigation, but appellant refused. Shortly thereafter, the complainant's son's cell phone rang and the complainant answered and placed the call on speakerphone. Appellant again threatened the complainant and her family for having called the police. Deputy Lomelo overheard appellant's remarks and indicated his presence to appellant. Appellant cursed and hung up the phone.

Appellant was indicted for the felony offense of assault of a person with whom he had a dating relationship, second offense. Tex. Penal Code § 22.01(a)(1); *Id*. § 22.01(b)(2)(A). Appellant pleaded not guilty to the indictment. On January 30, 2014, a jury found appellant guilty as charged in the indictment. At the punishment stage, appellant pleaded "true" to the State's punishment enhancement allegations and the trial court sentenced appellant to thirty years in prison.

## ISSUES AND ANALYSIS

In four issues, appellant contends that (1) the evidence is insufficient to support his conviction because the State failed to prove that the complainant suffered bodily injury as a result of appellant's conduct; (2) the trial court erred by denying his motion for mistrial because the State's witness introduced impermissible character evidence by implying that appellant had a criminal history; (3) the trial court erred by allowing the State to introduce inadmissible hearsay evidence that an unidentifiable male spoke on the telephone with the officer; and (4) the trial court erred by overruling his objection to language in the jury charge because the language therein impermissibly commented on the weight of the evidence and invalidated his presumption of innocence.

3

## I.    Sufficiency of the Evidence

In his first issue, appellant contends that the evidence is insufficient to support his conviction for assault of a person with whom he had a dating relationship because the State failed to prove that his conduct caused the complainant bodily injury.

When reviewing the sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, a rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *see also Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Therefore, we do not engage in a second evaluation of the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Id*.

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *See* Tex. Penal Code § 22.01(a)(1). An assault is a third-degree felony if (1) it was "committed against . . . a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005" of the Texas Family Code, and (2) the defendant had been previously convicted of assault "against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005" of the Texas Family Code. *Id*. § 22.01(b)(2)(A). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07(a)(8).

Appellant argues that the evidence is insufficient because the State's

4

witnesses could not testify definitively as to what part of the complainant's body was struck. Appellant further argues that the evidence is insufficient because no medical records were admitted into evidence.

Direct evidence that the complainant suffered pain is sufficient to show bodily injury. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). The complainant testified that appellant punched the left side of her face with his closed fist, causing her to fall to the ground, bleed from her nose, and feel physical pain. She explained that appellant's punch resulted in a cracked tooth and that she later sought medical attention for it. The complainant's testimony is sufficient to support the jury's finding that appellant caused the complainant's bodily injury. *See Shah v. State*, 403 S.W.3d 29, 35 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (holding that victim's testimony that he bled from the bridge of his nose after defendant head-butted him was sufficient to support jury's finding that defendant's conduct resulted in bodily injury); *see also Letson v. State*, 805 S.W.2d 801, 806–807 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (providing that victim's testimony that defendant kicked him "pretty hard" in the groin and caused a sharp pain was sufficient to show bodily injury).

The jury also heard testimony from the complainant's two eldest children that corroborated the complainant's description of the assault. The complainant's fifteen-year-old daughter testified that she was near the kitchen when she saw appellant punch her mother and that her mother fell to the ground as a result. The complainant's twelve-year-old son explained that when appellant kicked open the door to enter the house he followed appellant to the back of the house. He described how appellant hit his mother and caused her to fall to the ground. Both children saw and described the injuries their mother sustained from appellant's punch: swelling, scratches, blood around her nose, and a cracked tooth.

The officer who arrived on the scene also testified in front of the jury. Deputy Lomelo explained that he saw the complainant's injuries when he arrived. He then took photos of the injuries and made a police report based upon his findings. The jury had the opportunity to view these photos at trial. *See Arzaga v. State*, 86 S.W.3d 767, 778–780 (Tex. App.—El Paso 2002, no pet.) (providing that the State proved bodily injury by showing photos of victim's mouth as evidence of defendant striking the victim in the face with his fist).

The testimony of the complainant and her children, coupled with Deputy Lomelo's report and photos, was sufficient to allow a rational factfinder to conclude that appellant caused the complainant bodily injury. Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found beyond a reasonable doubt that appellant committed the offense of assault against a person with whom he had a dating relationship. Accordingly, we conclude that the evidence is legally sufficient to support appellant's conviction.

We overrule appellant's first issue.

## II. Motion for Mistrial

In his second issue, appellant contends that the trial court erred by denying his motion for mistrial because the State's witness introduced impermissible character evidence by implying that appellant had a criminal history. Specifically, appellant argues that his motion for mistrial should have been granted after Deputy Lomelo stated that appellant's personal information was in the "JIMS system."[1]

The denial of a motion for mistrial is reviewed for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We view the evidence in the light most favorable to the trial court's ruling, considering only those

---

[1] The "JIMS system" is an abbreviation for the Justice Information Management System.

arguments before the court at the time of the ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.*

While conducting his direct examination, the prosecutor asked Deputy Lomelo if he put the phonetic spelling of appellant's name in his police report. In response, Deputy Lomelo stated, "I put my understanding of the word. I think I found the — that name in our JIMS system." The defense counsel immediately asked to approach the bench. Outside the presence of the jury, defense counsel requested a mistrial, arguing that Deputy Lomelo had injected impermissible character evidence, implying that appellant had a criminal history, and no instruction to disregard would cure the error. The trial court denied the motion for mistrial. When the jury was brought back into the courtroom, the prosecutor asked Deputy Lomelo three questions and the judge then stated, "Ladies and gentleman, immediately before the break, there was an answer that was given to a question. Disregard that answer. Do not consider it for any purpose."

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Id.* A mistrial halts trial proceedings when the error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd*, 3 S.W.3d at 567. Whether an error requires a mistrial must be determined by the particular facts of the case. *Id.*

Generally, any error resulting from improper testimony is cured by an instruction to disregard the same except in extreme cases where it appears that the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds. *McKay v. State*, 707 S.W.2d 23, 36 (Tex. Crim. App. 1985). In most instances, an instruction to disregard the remarks will cure the error. *Hudson*

7

*v. State*, 179 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We also consider whether the prosecutor solicited the improper testimony, and whether the jury heard similar evidence, as factors in determining whether the trial court erred in denying a motion for mistrial. *See id.*

We cannot say that Deputy Lomelo's remark was so offensive or flagrant as to warrant the extreme remedy of a mistrial. Nor was the remark so offensive or flagrant that the trial court's instruction to the jury to disregard was insufficient to cure any error. *See Tennard v. State*, 802 S.W.2d 678, 684–85 (Tex. Crim. App. 1990) (providing that any possible error after witness referred to the defendant's prior prison time was cured by trial court's instruction to disregard); *Barney v. State*, 698 S.W.2d 114, 125 (Tex. Crim. App. 1985) (stating that a reference to appellant's status as an "ex-con" was sufficiently cured by trial court's instruction to disregard the reference). After Deputy Lomelo mentioned that he found appellant's personal information in the "JIMS system," defense counsel immediately asked to approach the bench. The jury was removed from the courtroom and upon returning, the trial court promptly instructed the jury to disregard Deputy Lomelo's remark. We presume that the jury followed the trial court's instruction to disregard. *See Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999). Although Deputy Lomelo mentioned that appellant's personal information was in the JIMS system, his testimony was immediately cut off by the defense counsel. Deputy Lomelo did not explain what JIMS stood for, nor did he reveal that it contained a record of criminal histories. After Deputy Lomelo's testimony, JIMS was never mentioned again at trial.

Further, there is no evidence that the prosecutor intentionally solicited the remark. The prosecutor asked Deputy Lomelo whether he "put in the report the phonetic spelling of what [he] heard" and Deputy Lomelo stated that he confirmed

the spelling by finding it in the JIMS system. Moreover, the jury did not need to consider Deputy Lomelo's answer for any reason. The jury heard similar evidence that appellant had a prior conviction for assault and understood that he had a criminal history. When the prosecutor read the indictment to the jury, he stated that appellant had previously been convicted of assault of a family member. Thus, Deputy Lomelo's JIMS remark did not provide the jury with any new information. *See Herrero v. State*, 124 S.W.3d 827, 836–37 (Tex. App.—Houston [14th Dist.] 2003, no pet.). For these reasons, we conclude that the trial court did not abuse its discretion by denying appellant's motion for mistrial.

We overrule appellant's second issue.

### III. Admission of Phone Calls with Appellant

In his third issue, appellant contends that the trial court erred by overruling his objections and allowing Deputy Lomelo to discuss three phone conversations he had with appellant because Deputy Lomelo could not verify that the voice on the phone was appellant.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). The ruling must be upheld if it is within the zone of reasonable disagreement. *Id*.

At trial, Deputy Lomelo testified that while he was at the scene he twice dialed the complainant's cell phone number in an attempt to contact appellant. The complainant provided Deputy Lomelo with her cell phone number because appellant had taken her phone. Deputy Lomelo explained that a male voice answered both phone calls. On the first phone call, the speaker identified himself as Bijon Taylor. Deputy Lomelo asked appellant to come back to the scene so that he could hear his version of the events. Deputy Lomelo also asked him about the

9

complainant's car. Appellant refused to return to the scene and said the vehicle was in his name and that he paid for it. Deputy Lomelo stated that he had a second conversation with the male, in which Deputy Lomelo again encouraged him to return to the scene. The male refused and stated that he was not going to come back and "was not even going to be in the state." Deputy Lomelo stated that appellant became very aggressive and started cursing.

Deputy Lomelo then testified as to a third phone call, in which the complainant's son's cell phone rang. The complainant answered her son's phone, placed the call on speakerphone, and indicated to Deputy Lomelo that the caller was appellant. The male speaker threatened the complainant and her family for having called the police about the assault. Deputy Lomelo opined that all three phone conversations were with the same male voice and that based on the phone calls, he had the requisite information needed to file charges against the appellant.

Throughout Deputy Lomelo's entire line of questioning regarding these phone calls, defense counsel made several hearsay objections, arguing that the officer had no personal knowledge of the voice on the phone calls. The trial court overruled defense counsel's objections.

Rule 901 of the Texas Rules of Evidence governs the authentication and admissibility of electronic recording evidence. Rule 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a); *See Angleton v. State*, 971 S.W.2d 65, 69 (Tex. Crim. App. 1998). Subsection (b) provides a nonexclusive list of examples of ways evidence can be authenticated to conform to the requirements of Rule 901, including evidence about a telephone conversation with "a particular person, if circumstances, including self-identification, show that the person

10

answering was the one called." Tex. R. Evid. 901(b)(6)(A). The identity of a telephone caller also may be established by self-identification of the caller coupled with additional evidence such as the context and timing of the telephone call, the contents of the statement challenged, internal patterns and other distinctive characteristics, and disclosure of knowledge and facts known peculiarly to the caller. *Mosley v. State*, 355 S.W.3d 59, 69 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see* Tex. R. Evid. 901(b)(4), (5) & (6).

Deputy Lomelo testified that the person on the first phone call identified himself as appellant Bijon Taylor. Appellant also continued to disclose information that was specific to the circumstances of the offense: he threatened the complainant and her family for having called the police about the assault and he refused to return to the complainant's house. Further, the complainant confirmed that appellant was the male speaker. The cell phone conversations all occurred within a few hours of the assault.

The trial court did not abuse its discretion by admitting Deputy Lomelo's testimony. The context and timing of the phone calls, self-identification, and disclosure of knowledge and facts known peculiarly to the caller provided the trial court with sufficient evidence to establish that the male voice on the telephone was appellant's. *See Mosley*, 355 S.W.3d at 69 (providing that evidence regarding a phone call was admissible where witness testified that person on speakerphone identified herself); *Manemann v. State*, 878 S.W.2d 334, 338–39 (Tex. App—Austin 1994, pet ref'd) (holding that evidence regarding phone call was admissible because caller identified himself as the defendant, used a "characteristic pattern of obscene language," and call was made immediately after defendant was released from custody).

Accordingly, we conclude that the trial court did not abuse its discretion by

11

overruling appellant's hearsay objections and admitting Deputy Lomelo's testimony.

We overrule appellant's third issue.

## IV.   Jury Charge

In his fourth issue, appellant contends that the trial court erred by overruling his objection to language in the jury charge. Appellant argues that the language "guilt or lack thereof" impermissibly commented on the weight of evidence and invalidated his presumption of innocence.

We review jury charge error by a two-step process. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). First, we determine whether error exists in the jury charge. *Id*. Second, we determine whether sufficient harm was caused by the error to require reversal. *Id*. The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). When, as here, error in the charge is preserved for review, reversal is required if the error caused "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *see also Hutch*, 922 S.W.2d at 171.

A review of the complained-of language in the context of the entire charge reveals that the trial court properly instructed the jury that the State had to prove guilt beyond a reasonable doubt and that appellant was presumed to be innocent. The portion in the court's charge to which appellant objected instructed the jury that its "sole duty at this time is to determine the guilt or lack thereof of the defendant under the indictment in this cause and restrict your deliberations solely to the issue of guilt or lack thereof of the defendant." This language followed several paragraphs in the charge that instructed the jury on appellant's presumption of innocence and the State's requirement to prove every element of the offense

12

beyond a reasonable doubt. This court has previously held that similar language in the charge was errorless. *See Avila v. State*, 15 S.W.3d 568, 575–77 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (providing that jury charge restricting deliberations "solely to the issue of guilt or innocence of the defendant" was errorless and harmless); *see also Barnes v. State*, 855 S.W.2d 173, 175 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (holding that jury instruction informing jurors that their "sole duty at this time is to determine the guilt or innocence of the defendant under the indictment" was appropriate). We conclude that the trial court did not err by overruling appellant's objection to the language in the jury charge.

We overrule appellant's fourth issue.

CONCLUSION

We overrule appellant's issues and affirm the jury's verdict.

/s/     Ken Wise
        Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).